1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EARL C. MORRIS,                           No. CIV S-11-2023-CMK-P

12              Petitioner,

13        vs.                                   <u>ORDER</u>

14   M. McDONALD,

15              Respondent.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole.  Petitioner has

19   consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has

20   been served or appeared in the action.

21              On August 17, 2011, the court directed petitioner to show cause in writing why

22   this action should not be summarily dismissed pursuant to the United States Supreme Court's

23   recent ruling in <u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per

24   curiam).  The due date for petitioner's response was extended to November 22, 2011.  Petitioner

25   had been warned that failure to respond to the order to show cause could result in dismissal of the

26   action, both for the reasons stated in the order as well as for lack of prosecution and failure to

1  comply with court rules and orders.  See Local Rule 110.  To date, petitioner has not responded

2  to the order to show cause.

3     The court must weigh five factors before imposing the harsh sanction of

4  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

5  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

6  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

7  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

8  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

9  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

10  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

11  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

12  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

13  1423 (9th Cir. 1986).

14     Having considered these factors in light of petitioner's failure to respond to the

15  court's August 17, 2011, order, and for the reasons stated therein, the court finds that dismissal of

16  this case is appropriate.

17     Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the

18  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal

19  this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.

20  22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under

21  28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

22  constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

23  appealability indicating which issues satisfy the required showing or must state the reasons why

24  such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed

25  on procedural grounds, a certificate of appealability "should issue if the prisoner can show:

26  (1) 'that jurists of reason would find it debatable whether the district court was correct in its

2

1 procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition

2 states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775,

3 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).

4 For the reasons set forth herein and in the court's August 11, 2011, order, the court finds that

5 issuance of a certificate of appealability is not warranted in this case.

6         Accordingly, IT IS HEREBY ORDERED that:

7         1.     This action is summarily dismissed;

8         2.     The court declines to issue a certificate of appealability; and

9         3.     The Clerk of the Court is directed to enter judgment and close this file.

10

11 DATED:  December 23, 2011

12

13                                                        **CRAIG M. KELLISON**

                                                       UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26